# United States Bankruptcy Court
## District of Delaware



JUDGE LAURIE SELBER SILVERSTEIN

824 N. MARKET STREET
WILMINGTON, DE 19801
(302) 252-2915

November 8, 2018

Cynthia L. Carroll, Esquire
Cynthia L. Carroll, P.A.
262 Chapman Road
Suite 108
Newark, DE  19702

Jaclyn Weissgerber, Esquire
Office of the United States Trustee
844 King Street, Suite 2313
Wilmington, DE  19801

    Re:  Jordana Ndon, Case No. 18-10333

Dear Counsel:

    On June 12, 2018, the United States Trustee filed its Motion for Relief Pursuant to 11 U.S.C. § 329 ("Motion") (D.I. 36) challenging the reasonableness of the fees charged by Ms. Carroll to the debtor for services performed in the referenced case.  Specifically, the United States Trustee sought an order: (i) granting the motion, (ii) declaring the fees charged "not reasonable" and (iii) requiring Ms. Carroll to disgorge and reimburse any excessive fees and file a fee application so all parties in interest may determine whether her fees were reasonable.  Ms. Carroll filed her Response to the United States Trustee's Motion for Relief Pursuant to 11 U.S.C. § 329 ("Response") (D.I. 37) and a hearing was held on July 19, 2018.  At that hearing, both the United States Trustee and Ms. Carroll presented evidence, which was admitted without objection.[1]  I took the matter under advisement.  Subsequently, the parties filed a Joint Stipulation of Facts (D.I. 38).  Based on the evidence presented, the issue of the reasonableness of Ms. Carroll's fees can be determined without the need for additional submissions.  For the reasons set forth below, I conclude that a reasonable fee for the services provided by Ms. Carroll is $2,525.

---

[1] The United States Trustee presented Exhibits A-H ("UST Exh. __") and Ms. Carrol presented Exhibits A-H ("Carroll Exh. __")

Cynthia L. Carroll, Esquire
Jaclyn Weissgerber, Esquire
November 8, 2018
Page | 2

**Findings of Fact**

Ms. Ndon's bankruptcy case was filed on February 16, 2018. A review of the docket shows that the case was uneventful. On May 21, 2018, the chapter 7 trustee filed a report of no distribution, and on June 8, 2018, Ms. Ndon received her discharge.

Pre-bankruptcy, on February 15, 2018, Ms. Ndon executed a prepetition engagement agreement ("Prepetition Agreement") (UST Exh. A) with Cynthia L. Carroll, P.A. Ms. Carroll, the President and CEO, is an experienced consumer bankruptcy attorney. The Prepetition Agreement memorialized a "no money down" arrangement whereby the law firm charged $0 for Ms. Carroll's prepetition services, which included consulting regarding filing a bankruptcy case, preparation of a chapter 7 petition, list of creditors, and pre-filing credit certificate. Ms. Ndon also opted to have the law firm pay the filing fee and costs.[2] The Prepetition Agreement provided three options for post-bankruptcy representation: (i) retention of other counsel, (ii) proceeding pro se; or (iii) retaining Ms. Carroll for an additional sum of $2,832 plus costs.

Ms. Ndon opted to retain Ms. Carroll post-bankruptcy. She executed a postpetition engagement agreement ("Postpetition Agreement") on February 16, 2018 (UST Exh. C). Per the Postpetition Agreement, Ms. Ndon agreed to pay the law firm $2,832 plus necessary postpetition costs for postpetition services, including: preparation of the Statement of Financial Affairs and Schedules, preparation and attendance at the § 341 meeting, review of any redemption and reaffirmation agreements, case administration and monitoring through discharge, and conducting a post-discharge review of Ms. Ndon's credit report. The Postpetition Agreement also provides for certain additional services at a rate of $325 per hour. On February 16, 2018, Ms. Ndon also executed a form permitting either the law firm, or an independent billing company, BK Billing, LLC, to charge to Ms. Ndon's debit card $236 per month until the outstanding fee was paid in full. This Recurring Payment Authorization and Consent Form (UST Exh. D) states that the law firm may sell or factor the account receivable to BK Billing, and if this occurs, Ms. Ndon would then pay BK Billing directly.

When the voluntary petition was filed, the law firm paid one-fourth of the $335.00 filing fee, or $83.75, to the Clerk of the Court. While the filing fee was ultimately paid in full, no request was made to file in installments. Ms. Carroll represented that this was an inadvertent error on the part of her office.

---

[2] The option in the Prepetition Agreement chosen by Ms. Ndon for payment of costs was "Request that the Law Firm pay this cost for me and seek reimbursement of this cost from me; reimbursement for these costs must be made prior to the filing." I am not sure how the law firm pays the filing fee, which is due at the time of filing, but yet seeks reimbursement prior to filing. Nonetheless, Ms. Ndon did not reimburse the filing fee prior to the filing.

Cynthia L. Carroll, Esquire
Jaclyn Weissgerber, Esquire
November 8, 2018
Page | 3

On March 13, 2018, the Debtor's Schedules and SOFA were filed. The Disclosure of Compensation of Attorney for Debtor (UST Exh. E) reflects the arranged fees of $2,832. It also disclosed that counsel may finance the fee through a third-party factoring facility.

The amount of the fee and the use of the factoring arrangement raised red flags for the United States Trustee ("UST"). On May 1, 2018, the UST requested copies of counsel's engagement agreements as well as any documents reflecting a factoring agreement. Ms. Carroll provided each of these documents to the UST.

On May 10, 2018, Ms. Carroll filed an amended attorney compensation disclosure (UST Exh. E), which reflects the agreed fees of $2,832, but also reflects that counsel received $2,124[3] prior to May 10, 2018 and reflects a balance due of $708. The disclosure shows that the source of the compensation was BK Billing and that the debtor will reimburse BK Billing for the fees paid to counsel and pay the balance due directly to BK Billing. Once, again, counsel discloses the possibility of a factoring arrangement. The attorney compensation disclosure also provides that, in addition to services listed in the first disclosure, Ms. Carroll would provide Ms. Ndon with "Redemption Motion Representation, and out-of-pocket costs advanced."

**Analysis**

Mr. West, a bankruptcy auditor for Region 3, did an analysis of Ms. Carroll's fees and her arrangement with BK Billing (UST Exh. G). His analysis is that Ms. Carroll's average fee for an individual chapter 7 representation is $1,495.33. This is based on a random review of fifteen cases filed by Ms. Carroll during the period of March and April, 2018. From this, Mr. West calculates that Ms. Ndon is paying $1,336.67 more than Ms. Carroll's other consumer debtor clients, though he recognizes that Ms. Carroll also states she will represent Ms. Ndon in a Redemption Motion. Mr. West also calculates an effective interest rate of 71.579% (payment of $2,832 over one year when Ms. Carroll will only receive $1,982.40[4]).

Ms. Carroll responded that Mr. West's analysis is flawed. Ms. Carroll represented that her flat fee to file a case for a chapter 7 individual debtor is $1,765 inclusive of the $335 filing fee, and the cost of credit reports, a title search and $15 towards Pacer costs. A client can receive a $100 discount (or a fee of $1,695) if the entire fee is paid in full within 30 days. She also represented that certain clients pay the filing fee and other costs themselves, which

---

[3] Ms. Carroll actually received $1,699.21 (or 60% of receivable factored) on March 9, 2018. The other $424.80 (or 15% of the receivable factored) "went into account at BK Billing to hedge against possible defaults." (UST Exh. G)

[4] The $1,982.40 figure is based on a 70% purchase price on factored receivables. It appears that Ms. Carroll will actually receive $2114.01, or 75% on the factored receivable (*see* footnote 3). This discrepancy was not explained at the hearing.

Cynthia L. Carroll, Esquire
Jaclyn Weissgerber, Esquire
November 8, 2018
Page | 4

results in a lesser fee. Also included in Ms. Carroll's fee is Financial Peace University Online and the 720 Credit Score Program (Carroll Exh. H).

I find Ms. Carroll's representations credible and consistent with the evidence she submitted as well as the evidence submitted by the UST. Ms. Carroll's representations are generally consistent with the fees charged in the cases listed in Carroll Ex. H (Disclosure of Compensation), which are $1,314, $1,339 and $1,386 exclusive of advanced costs.[5] Her representations are also generally consistent with the fees set forth in Mr. West's declaration at paragraph 16[6] and explain the difference in the listed amounts. Those clients who advanced costs account for the fees in the $1,215 to $1,370 range, and those clients who did not advance costs account for fees in the $1,600-$1,765 range. Because Ms. Ndon did not advance all costs, I find Ms. Carroll's standard fee for the services to be provided to Ms. Ndon would be $1,765.

Further, I find that Ms. Carroll provided additional services to Ms. Ndon, which were to be included in the $2,832 fee, but are not included within Ms. Carroll's standard $1,765 flat fee.[7] Ms. Carroll filed a motion to redeem Ms. Ndon's vehicle (Carroll Ex. H),[8] which saved Ms. Ndon $9,751.98. Ms. Carroll represented that she would charge $750 for this representation. Ms. Carroll's time records reflect that she spent 5.25 hours in connection with the redemption motion, which at her normal hourly rate of $325 per hour results in a fee of $1,706.25 (Carroll Ex. E). I find the $750 charge for these services to be

---

[5] The fees for these cases are $1,386 (Case No. 11-12459), $1,339 (Case No. 13-13299) and $1,314 (Case No. 15-10637), each exclusive of the $335 filing fee and other costs.

[6] The fifteen cases break down as follows:

| Number of Cases | Fee |
|---|---|
| 2 | $1,215 |
| 1 | $1,230 |
| 2 | $1,270 |
| 2 | $1,370 |
| 1 | $1,600 |
| 3 | $1,665 |
| 1 | $1,670 |
| 1 | $1,695 |
| 2 | $1,765 |

[7] The UST acknowledged this both at argument and in the West Declaration.
[8] Carroll Ex. H references the docket of the Ndon bankruptcy case, specifically including Dkt. No. 27, Debtor's Motion to Redeem Property and Approval of Associated Financing Pursuant to 11 U.S.C. § 722 and Dkt. No. 28, Certification of Counsel with exhibits.

Cynthia L. Carroll, Esquire
Jaclyn Weissgerber, Esquire
November 8, 2018
Page | 5

consistent with what Ms. Carroll has applied for and been awarded on account of motion practice in other cases.[9]

Given my findings, I conclude that Ms. Carroll's standard fee for the services provided to Ms. Ndon in this bankruptcy proceeding are $2,515. The question remains what amount Ms. Carroll may charge and/or collect from Ms. Ndon under the circumstances of this case. The UST points out that the $2,515 standard fee is $320 less than the actual fee arrangement and $707.99 less than Ms. Carroll will receive assuming Ms. Ndon makes all required payments to BK Billing.[10]

The UST argues that the $707.99 is essentially interest, at an exorbitant rate, and seeks disgorgement of this amount. The UST argues that, based on her Schedules I and J, Ms. Ndon cannot afford the monthly payment for attorneys fees and also expresses concern that the arrangement, which creates a postpetition obligation, deprives Ms. Ndon of her fresh start. Ms. Carroll counters that Ms. Ndon received significant value from her bankruptcy filing, including the discharge of almost $80,000 in debt plus a savings of more than $9,571.98 related to the redemption.[11] She argues that Ms. Ndon, a registered nurse, has significant earning potential (see Carroll Exh. F) such that she could afford the postpetition payments. And, Ms. Carroll argues that the nature of the filing required the financing arrangement. Specifically, Ms. Carroll explained that she does not typically agree to represent a debtor on a "no money down" arrangement. Her typical arrangement is to collect all fees up front, over a series of months, prior to filing a bankruptcy case. At the very least, she prefers some payment up front so that the client has "buy in" into the process. Here, Ms. Carroll explained, Ms. Ndon needed to file immediately because of an imminent repossession of her car and had no funds to make even a minimal payment. Absent a postpetition, financing-type arrangement, Ms. Carroll argues that Ms. Ndon would have gone unrepresented and achieved a lesser outcome.

This case raises the question of how the bankruptcy bar should seek to accommodate that segment of the debtor population who are in such extremis that they cannot afford to pay a lawyer to assist them prior to the need to file the voluntary petition. There is no doubt that debtors who are represented by counsel fare better than those who are not. But, while the UST has raised the factoring arrangement as well as the postpetition nature of the fees,

---

[9] Carroll Ex. H (Fees for Motion Practice). Further, the UST did not argue that a fee of $750 was unreasonable or that a rate of $325 per hour was unreasonable.

[10] At the hearing, Ms. Carroll represented Ms. Ndon was current on her payments.

[11] Ms. Carroll points out that if Ms. Ndon was required to finance her attorneys fees related to the redemption, she would have paid interest at a rate of 23.99% on those fees (*see* Carroll Exh. H, Dkt. No. 28).

Cynthia L. Carroll, Esquire
Jaclyn Weissgerber, Esquire
November 8, 2018
Page | 6

the UST's real issue here, as expressed at the argument and with the relief sought, is with what fee is reasonable.[12]

      I conclude that $2,515 is a reasonable fee for the work performed in this case. It may be that a reasonable interest rate might be applicable in a given case, but the fee here was not based upon a stated interest rate; it was a flat fee payable over time.[13] Accordingly, I will require that Ms. Ndon's fee be reduced by $320. The split of the fee as between Ms. Carroll and BK Billing is not before me and I express no opinion on that.

      The parties shall consult and propose a form of order consistent with this letter opinion. I do not believe that the repayment needs to be run through the Office of the United States Trustee. A certification from Ms. Carroll that the fee has been reduced or that Ms. Ndon has received a refund shall be sufficient.

                                        Very truly yours,

                                        Laurie Selber Silverstein

LSS/jmw

---

[12] Ms. Carroll indicates she is no longer factoring receivables with BK Billing.
[13] Further, Ms. Carroll admitted that, in the first instance, the calculation of the $2,832 fee was driven by the factoring arrangement with BK Billing and not a fee with interest.